May it please the court. The defendant, Kevin Morrissey, was convicted after a jury trial of possession and receipt of child pornography. At the beginning of the trial, the prosecutor's theory or position as to what conduct was the basis for each charge appeared clear. The possession count was based on the Seagate hard drive that was found in the chicken coop on the defendant's property. The receipt charge was based on the Dell laptop and images that were alleged child pornography received during dates when Mr. Morrissey lived in the state of Iowa. But as this trial progressed, these distinctions got blurred. Because of this blurring, Mr. Morrissey was potentially convicted of conduct that didn't occur in the state of Iowa, that was different from conduct than the grand jury indicted him for, and he was also potentially convicted of two counts based on the same images. And this blurring is the basis for most of the arguments on appeal. Today, I will focus on the constructive amendment and material variance challenges, as well as the challenge to the introduction of the NCMEC spreadsheet. Are you going to talk, I'm kind of curious about the venue issue. I can address that first. Don't mean to cut you off, but I guess was there a specific request for a venue instruction or how was that issue raised at trial? It wasn't raised at trial. So initially, and I acknowledged at the beginning of trial, defense counsel was asked about that he thought it wasn't an issue. And the case law indicates that that statement in the beginning is not problematic and doesn't prevent this court from reviewing. Because the problems with venue didn't come up until later in the trial, most notably during closing argument. So there wasn't a request for a specific instruction, which is why it would be under plain error review. Why wouldn't it be waived? The case decided in our brief that I think the Kelly case indicates that the failure to ask for an instruction would just result in plain error review. It's not waived. And also a defendant is not held accountable or it's not prevented from review if it's not clear from the very beginning that there's going to be problems with venue. And here, it wasn't clear from the very beginning. Even from the prosecutor's opening statement, it seemed like everyone was on the same page that the basis for these charges was that conduct that occurred when Mr. Morrissey was living in Iowa and conduct and images that were found at his home. So what those black cloud also from the circuit acknowledges is that it can be raised at the end of trial. The failure to raise it at the beginning of trial is not problematic. And other cases indicate that the failure to request an instruction would just mean plain error review. That goes to the instruction issue. Now, sufficiency, the motion for judgment of acquittal, which was made in this case, is sufficient to preserve that just for purposes of whether sufficient evidence of venue was presented at trial. So do I understand that, at least from your perspective, the theory of the case was that the government wasn't going to try to prove receipt of the images on the Seagate drive because they couldn't necessarily prove that they hadn't been downloaded outside Iowa and transported to Iowa? That's correct. But that they could prove, or at least they thought they could prove, that the images that were on the Dell hard drive were downloaded after he came to Iowa? That's correct. Some of the dates... Oh, sorry. So then you say during the trial, they started to mix and match. Right. Right. And it really, it was a harm in this case especially because the defendant testified and testified under the assumption that that was the basis for the charge, what he was indicted for, and what was the prosecutor's theory of the case. And so the defendant testified in this case acknowledging he had this prior conviction, acknowledging that he used to view and obtain child pornography. And then when that evidence came in and there are receipt dates that occurred while Mr. Morrissey still lived in Washington State, during closing argument, the prosecutor seized on both the images that were downloaded in Washington State allegedly and Mr. Morrissey's testimony and this prior conviction to then blur that distinction and make it so that the defendant was potentially convicted for conduct that occurred while he was in Washington State. And in this case, the record makes clear that that conduct by the prosecutor had an impact on the jury. In that first jury question, the jurors asked, how far back can this date go for the receipt charges? It didn't specifically discuss the receipt count, but the receipt and the indictment is the one that stated on note date. And that indicates that the jurors were looking at these prior dates, were considering that prior conduct, and made it so that Mr. Morrissey was likely convicted for conduct that did not occur in the state of Iowa, but instead occurred in Washington State when some of the images on the laptop were allegedly downloaded and he had a prior conviction for possession of child pornography. I'll turn to the introduction of the NCMEC spreadsheet. This Exhibit 7 dealt with all of the images that were found on the hard drive itself and also on the Dell laptop. And it laid out the image locations, the image names, and also created, accessed, and modified dates. What was problematic and requires reversal in this case is that there was a column that indicated whether that image was confirmed by the National Center for Missing and Exploited Children to be from a known series of child pornography. And here, those statements are hearsay because they are an out-of-court statement offered for their truth. There was testimony from two law enforcement officials as to two images that were found on the Seagate hard drive, that those images were confirmed to be child pornography, and the law enforcement officers discussed their involvement with those cases. But as to the Dell laptop, there was no testimony from anyone who had personal knowledge or had investigated or worked with NCMEC that admitted over a hearsay objection. There was no objection, which is why it's under plain error review, Your Honor. There was no specific testimony as to any images from the Dell laptop. But on Exhibit 7, there's an indication that one of the images that was found was a hit from NCMEC and that it was confirmed child pornography. Even making this more problematic, that image was not introduced to the jury. So as the plain language of the rule and the cases indicate, this statement, being that there's confirmed child pornography, is a statement and it was offered for its truth. And I don't think that the government in its brief really pushes back on the idea that if it were offered for its truth, it would be hearsay. Instead, the government cites the case law indicating it's not offered for its truth. It just kind of shows why the government chose certain images or did what it did. But that is a 180 from how the prosecutor used this spreadsheet during trial. At closing argument, defense counsel argued that based on the Dell laptop, and I don't think it was disputed that there was child pornography found on the Seagate hard drive, but it was heavily disputed whether the images on the laptop were child pornography. And in closing argument, defense counsel argued there's no confirmed child pornography. No one came and testified and told you that that was confirmed to be child pornography and argued why those images did not meet the definition of child pornography. Had the images been presented to the jury? Not the one that was confirmed to be child pornography. There were other images that were presented to the jury from that laptop. But then on rebuttal, the government stands up and says, that's not true. You see exhibit number seven. You see that there's an image that was found on the laptop that was confirmed by Nick Mick to be child pornography. So it absolutely was offered for its truth and argued that it could be considered for its truth. And the record again makes clear that the jury considered it for its truth. The jury asked, I think it's the second jury question, asked, what can we do with government's exhibit seven? Is it enough for us to consider that there was child pornography or do we need the actual image? And the defense counsel at that point objected and said, no, this can't be offered for its truth. And the district court's response said, it's up to you to determine the evidence and whether the government has met its burden, which allowed the jury to then consider this hearsay exhibit seven for its truth. And it also violates the confrontation clause because it's statements made by individuals, specifically those who are involved with Nick Mick who had made the determination that this image was child pornography, and it was made in preparation for trial. Now it is under plain error review and it did affect Mr. Morrissey's substantial rights as to both counts. As I've already stated, there was no testimony as to that Dell laptop whether any of the images were confirmed to be child pornography. And it affects both counts because there's an indication that the jury relied upon, and this goes to other arguments raised, that the jury relied upon the laptop for both the receipt count and the possession count. Because with the Seagate hard drive, like I've indicated, there really was no dispute that there was child pornography on that hard drive. And the law enforcement officers who came in and testified as to the ages of the victims in that case. And the testimony was clear as day that the victims on those images were under 12. And the jury- Then why wouldn't it be harmless as to the possession count? Because in the verdict form, the jury indicated that there was no victims under the age of 12 for the possession count. And it was kind of clear as day that some of the images on that Seagate hard drive had victims under the age of 12. So that indicates that the jury rejected the use of the Seagate hard drive for the possession count. And it's likely that they did that because during closing argument, the prosecutor told the jury that they could do that. The prosecutor made arguments of, okay, there's arguments about the Seagate hard drive that he didn't have it, but you can reject that. Because it's all on the Dell laptop. And there was no instruction from the district court that the jury couldn't base both counts on the same images. And there was no special interrogatory to indicate that that's not what the jury did. Instead, the indication we have from the record is that the jury didn't pay attention or use the Seagate hard drive for that possession count. So it was incredibly damaging evidence, and it did impact both convictions in this case. And to briefly address the waiver argument as to this NCMEC spreadsheet. Waiver requires an intentional relinquishment of a known right. The only indication from the record and the voir dire of Deputy Cava is that defense counsel believed this wasn't offered for its truth. But even still, there's no indication that defense counsel was aware that he was just giving up this objection, which is required for a waiver. Instead, it's just a failure to object or to request any kind of limiting instruction, and it should be reviewed for plain error. There are no further questions. I wish to reserve the remainder of my time for rebuttal. Thank you, Ms. Quick. Mr. Price. May it please the court, counsel, Brad Price of the United States. The record in this case supports both defendants' convictions. There was no error that affected the defendant's substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings. The defendant counsel in this case tried the case strategically. The defendant wanted the jury to believe certain things and to ignore others. And so the fighting issue at trial was about knowledge. The defense counsel objected to hearsay when it suited him, but not when it played into the theory of the defense, which is fine. But that doesn't make plain error. And at the end of the day, the sufficiency of the evidence here was overwhelming, and the jury simply didn't believe the story that counsel wanted them to believe. The defendant admitted he was addicted to child pornography, and that he collected child pornography, and he had a prior conviction for child pornography. And then he even recalled a specific instance of a flash drive or a thumb drive that he created full of child pornography, plugging into a computer. The computer that housed the Seagate hard drive. The defendant admitted he'd been involved in downloading and collecting child pornography since the early 1990s. He admitted, he explained further his attraction to minor boys who were 14, 15, or 16 years old. He told the jury that he was living in Oakland, California in the residence in May of 15, December of 15, and January of 16 when a number of the images on the laptop were downloaded. He admitted he built computers. He admitted he had access to that Dell laptop in the home and used the internet on it on the very same hotspot, the UMX dollar sign 953 that was encountered by officers when they searched the home. And if the court looks at government exhibits 2J and 2M alone, the government established receipt on that laptop, an ex-hamster video in the DW helper folder, and a Tumblr image from the DW helper folder. To obtain relief here, the defendant has to show an error that is plain, that affected his substantial rights, and that, as I said, seriously affects the fairness, integrity, or public reputation of judicial proceedings. And he cannot do so. And it has very much to do with the defendant's theory of the case. And I'll try to take some of the arguments in turn, beginning to track counsel's presentation here. The defendant cannot show constructive amendment, because he cannot show a substantial likelihood that he was convicted of an uncharged offense. The defendant was charged with receipt and possession. It was convicted of receipt and possession. Nor can the defendant show a material variance. The Aft-Balder case out of this court requires a showing of actual prejudice in order to reverse on that. And the prosecutor's comments here go to knowledge. The government submits that a close reading of the transcript, in particular the cross-examination of Deputy Cava, shows that it's defense counsel who, appropriately for him, is trying to confuse the issues of what media was received and possessed when trying to confuse the jury, as counsel often does and is entitled to do. But that is inconsistent with the idea of plain error. The way the evidence came in, there was a clear distinction between the receipt and the possession. Taking just a look at the Seagate hard drive, all those dates were 2002. And so it's impossible. There's no evidence that there was any receipt of child pornography on the Seagate hard drive. It simply all had to do with the Dell laptop. And defense counsel, of course, had the discovery, knew the dates, and I would submit, based on the record, tailored his argument accordingly. The argument went like this. My client used to be an addict of child pornography, used to be an avid collector and downloader of child pornography, and was convicted of possessing it. But now he just likes to look for smooth young boys on the internet, not for child pornography. And you should believe, ladies and gentlemen of the jury, that all of those dates back in 2002 on the Seagate hard drive that are in the chicken coop should be ignored because that's from back before he was getting therapy. And by the way, I'm not going to object to the Nickmick hits because I'm going to argue later in closing, as he does, that there aren't Nickmick hits for the laptop. There are only Nickmick hits for the 2002 Seagate hard drive images. So the fact that the Nickmick sheet comes in benefits counsel. He knows how to make a hearsay objection, and he does so at other points in the transcript when it suits his theory, as is appropriate. He doesn't object to that spreadsheet. In fact, he vordires Deputy Cava extensively on it, and there's a record of this. You can see whether he's trying to decide whether to object to this. But Deputy Cava comes off in his view based on the record as admitting, well, yeah, you know, I don't understand. I don't know for sure personally that those are child pornography. That's just what Nickmick says. Okay, judge, no objection. And so I think I submit that a close reading of the record shows this theory playing out. And when the question comes back from the jury, the objection is not made then either as to venue. Judge Malloy is asking about venue. Venue is waived, period. It was not raised at the beginning of trial when it could have been based on the facts and evidence as charged. I'm sorry, based on the indictment as charged. It could have been raised at any point during trial, even if, as counsel argues, it was only evident after trial. It could have been raised then and it wasn't. Even if it was only evident after the close of the evidence and well into jury instructions when the jury asked the question about venue, it could have been raised then and it wasn't. Counsel did not object to that answer to the venue question. So venue is waived. And in any event, as to each one of these issues that are raised, there simply has been no showing on this record of error that affected substantial rights. On this Exhibit 7, how many of the images that were taken off the Dell laptop were identified as child pornography? My understanding of the record, judge, is that there was a claim that there was one. And I think that had to do with identified by Nick Nick. Yes. I believe my understanding is that there was one. And that comes from this discussion in in the close. I have printed and attempted to view that exhibit. And frankly, the print is very small. But I think there was one. And and that the court would note there was objection about because that was inconsistent with counsel's theory, which is the government can't show any child porn authoritative Nick Nick hit child porn on the laptop. But then there was argument. Oh, well, there is one. Now the jury asks a question about that. And so the defense counsel objects, says, well, that's not in evidence. You know, you know, that shouldn't go back. Because that was inconsistent with defense theory. And I think a close reading of of the record shows that that it was the case was tried strategically as it should be. But that strategy cannot and should not and is not be a basis for plain error reversal on these facts and on this record. If there aren't further questions, the government believes that. When the panel examines the record, it's clear there was no miscarriage of justice in this case, and we would request the court to affirm the defendant's convictions. See no questions. Ms. Quick, your rebuttal. So I'll start with the venue assertion that it could have been raised later. Our position is that it couldn't have. Because the problems with venue and it getting blurred didn't occur until really closing argument. And there's two arguments that are very related that go to venue. First, being the failure to instruct. And second, just plain old sufficiency of the evidence. Now, this argument that, well, you could have requested the instruction later. The discussion on jury instructions and objections and what needs to go in was done before closing. And in fact, some of the instructions were read before closing started and then the remainder were read at the end. And this all, again, occurred before the supplemental instruction. So it's when was the realization? I think it was a combination of things, and it really came to fruition with that final supplemental instruction. But the major problems did occur during closing argument. What about. What? Thought to making a record of it at that point in time? There wasn't. And which is why I think it's plain error. And I think it's also reasonable to see why it is plain error, because maybe in the heat of that moment, you're in closing arguments, you're getting ready to submit to the jury when you're just trying to go back and forth and make arguments of the on the evidence, you're not maybe thinking clearly of, oh, wait, is this really proper? This is possibly taking us back into dates where Mr. Morrissey was not in the state of Iowa and a grand jury could not have indicted him for condom. But isn't there a statement at some point that venue is not a problem? That's in the very early stages. I'm sorry. Yeah, it's in the early stages of the trial that I think the judge asked if that's an issue and defense counsel indicates it isn't. And for. Well, my point is, if that could be that could be interpreted as a waiver of a venue issue, and the statement is made, but never qualified and never withdrawn, even when it, as you say, maybe became more clear. Why isn't that waiver of the issue? Because as the Kelly court indicated, the court did not want to hold counsel for not predicting what would happen at trial prediction that the problems would occur. And it would be a lot better argument in a stronger case if it were preserved, if that instruction were requested, which makes it an additional burden to overcome a plenary review. But it doesn't establish a waiver. Nothing establishes that defense counsel realized at the end. Oh, there's a there's a venue problem here, but I'm not going to bring it up or I'm not going to request an instruction. There's no intentional relinquishment of a known right now turning to the sufficiency challenge. There's no specific challenge to venue in the motion for judgment of acquittal. And this circuit hasn't addressed whether this was required. But most other circuits to address it have found that it's not that when a defendant makes a general motion for judgment of acquittal, as was done in this case, that that is sufficient to challenge the sufficiency of the evidence for venue. There's not an issue with that or preservation of that in this case, as the majority of circuits have found what defense counsel did was sufficient in this case. Now, turning to exhibit seven, this exhibit does not benefit Defense Council. This is a bad exhibit. And I want to clarify there is one. I just want to make sure it was clear. There's one hit for the Dell laptop. But that image where the hit was indicated was not introduced. It is not one of the, I believe, 10 images that came from the Dell laptop. So none of the actual images that were alleged child pornography that came from that laptop were any that had, even from the spreadsheet, a nic-mic report. And there was no in-court testimony from a law enforcement officer that those were confirmed images of child pornography. And it was hotly contested at trial whether these not only were knowingly received, but whether they met the definition of child pornography. And Defense Council tried to mitigate and use it to make a stronger case and a stronger defense, which is just what defense attorneys do all of the time. But nothing about that conduct indicates a waiver. Or I think this exhibit, which states that the images are conclusively child pornography, is beneficial to me. So I'm going to use it to my benefit. It's just a defense attorney trying to mitigate bad evidence, which is something that defense attorneys do in every single trial. You're talking about the spreadsheet? Yes, I'm talking about the spreadsheet. And there was no, never an objection to it? No, there was never an objection when it was introduced. OK, what was their objection at any point in time? When the, during closing argument, when the government and rebuttal argued that this could be offered or what could be considered for its truth, could be considered for the fact that there was confirmed child pornography on the laptop. At that point, defense counsel did object. That's at the very end. Yes. During the trial, it's it's referred to by the defense, used by the defense in questioning witnesses. Right. So isn't that clearly a waiver of this objection? I mean, to me, that's different from a situation where you object, you lose the objection. And so, OK, now I've got to make the best of it and and and try to minimize the damage. But here, without an objection and an opportunity for the court to to exclude the evidence, how can now you raise this? As an error on appeal, why is it not waived? I'm not aware of any case, excuse me, case law that indicates if you discuss this exhibit that's entered at trial that you don't object to at all, that itself constitutes a waiver that defense counsel then must ignore it to be able to raise it as plain error review. This conduct of discussing it, trying to mitigate it, trying to point out problems with it is just an attempt to put on a defense. But nothing about that conduct indicates that defense counsel was aware. I think this is hearsay and it shouldn't have come in. And I just didn't do it for strategic reasons or I just decided not to do it. Nothing indicates that defense counsel was aware. And all the indication is that it was just missed. And there was just a failure to object to this exhibit because it is very damaging evidence. And it obviously had a major impact on the jury, as indicated by their question. They wanted to rely upon that for substantive proof that the Dell laptop had confirmed child pornography and the district court's response, which in that case, again, there was also an objection that the jury should be instructed that it can't be considered for its truth. But the district court's response allowed the jury to do just that. And there's an indication from how they filled out the verdict form that they relied on that laptop and they relied on that hearsay spreadsheet for both counts because there was not a finding of under 12 under the possession count. And the evidence was. Pretty much undisputed that there was child pornography and there was strong evidence that the victims were under the age of 12. If there are no further questions, the rest on the brief and the remainder of the arguments. Thank you, Ms. Quick. Thank you also, Mr. Price. We'll take the case under advisement, render a decision in due course.